IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JULIE ANN NILL, )
    Plaintiff/Counter-Defendant[1] )
)
v. ) No. 3-12-0583
)
PROPERTY MANAGEMENT )
PROS.COM LICENSING LLC; GCB )
PROPERTIES III, LTD.; GREGORY )
R. BABBIT; and SEAN HINELY, )
    Defendants/Counter-Plaintiffs[2] )

O R D E R

The plaintiff's motion for sanctions (Docket Entry No. 40) is DENIED, as provided herein.

The plaintiff seeks sanctions against the defendants for their failure to respond to the plaintiff's written discovery that the plaintiff had served on October 4, 2012, and for their failure to comply with the order entered April 9, 2013 (Docket Entry No. 36), which provided that the defendants had until April 30, 2013, to serve responses to the plaintiff's outstanding written discovery. Plaintiff's counsel represented that she had made a good faith effort to obtain the requested discovery without the need for court intervention, but that the defendants "have failed and refused to provide the discovery responses." Docket Entry No. 40, at 2. As a result, the plaintiff seeks sanctions under Rule 37(b) of the Federal Rules of Civil Procedure, specifically, entry of default judgment pursuant to Rule 37(b)(2)(A)(vi), or an order directing that certain designated facts be established pursuant to Rule 37(b)(2)(A)(i), a ruling that the defendants be held in contempt of court pursuant to Rule 37(b)(2)(A)(vii), and an award of attorney's fees and expenses pursuant to Rule 37(b)(2)(C).

---

[1] Although the Bankruptcy Trustee has not been formally substituted as the plaintiff, plaintiff's counsel has represented that she has been retained by the Trustee to represent him.

[2] All proceedings related to the defendants' counter-claim were stayed by order entered March 20, 2013 (Docket Entry No. 34), as a result of the Chapter 7 Bankruptcy petition filed by the plaintiff on November 20, 2012, and in accord with the automatic Bankruptcy stay.

In response, the defendants acknowledge that they did not serve responses to the plaintiff's written discovery in accord with the April 9, 2013, order, but did serve responses in the late afternoon on May 7, 2013. The defendants ask the Court to refrain from holding them in contempt and to deny the "extreme sanctions sought" by the plaintiff because of the "exigent circumstances surrounding this case" and defendants' counsel's belief that plaintiff's counsel was not opposed to a short extension of time. Docket Entry No. 44, at 2.

Specifically, defendants point out that the plaintiff made no effort to comply with Local Rule 37.01, and defendant's counsel emailed plaintiff's counsel on May 3, 2013, that he expected to serve the discovery responses by early the following week, see Docket Entry No. 44-1, to which the plaintiff made no response but instead filed the motion for sanctions in the morning on May 7, 2013. Defendants' counsel expressed surprise that plaintiff's counsel did not respond to his email and filed the motion for sanctions without notice to him because the parties had been "cooperative and courteous" in prior dealings in the case.

In addition, the defendants point to the plaintiff's Bankruptcy filing, the defendants' motion to transfer, and settlement discussions that contributed to delaying the progression of the case. The defendants also explained that the intended withdrawal of out-of-town counsel delayed their responses because local counsel did not have "immediate access" to necessary documents. See Docket Entry No. 44, at 7.

The plaintiff did not file or seek to file a reply to the defendants' response.

Local Rule 37.01(a) provides that, prior to filing any discovery motion, counsel for the parties shall prepare and attach to any discovery motion a joint written statement of the discovery issues. Local Rule 37.01(b)(3) provides that, when a party files a motion to compel, quash, or for a protective order, such party shall certify that she has attempted in good faith to resolve the issues with the opposing party, and that the Court will not consider any such motion absent that certification. Rule 37(a) of the Federal Rules of Civil Procedure similarly requires such a certification when filing a motion to compel.

However, the plaintiff did not file a motion to compel the defendant to respond to the discovery requests. Essentially, the plaintiff gave up on the defendants' responding to the written discovery and sought relief through another route.

However, the Court finds that it was premature for the plaintiff to give up. Plaintiff's counsel indicates in her motion that she made a good faith effort to obtain the discovery "without the need for court intervention." The plaintiff does not indicate what "good faith effort" she made, but the Court assumes that the plaintiff is not referring to any effort after the April 9, 2013, order. It is also not clear what effort was made prior to the April 9, 2013, order. The order entered March 20, 2013 (Docket Entry No. 34), provided, inter alia, as follows:

> Plaintiff's counsel represented that she had propounded interrogatories and requests for production on the defendant on October 4, 2012, and, if there was little change of settlement, a time should be established for the defendants to serve responses.

Counsel were directed to convene another telephone conference call with the Court on April 8, 2013, to "address whether any potential for settlement remains, and, if not, to establish a deadline for the defendants to respond to the outstanding written discovery . . . ." On April 8, 2013, as reflected in the April 9, 2013, order, the defendants were directed to serve responses to the outstanding written discovery by April 30, 2013, scheduling deadlines were extended, and the trial was rescheduled.

The plaintiff had not previously filed a motion to compel nor is there any indication in the record that the plaintiff had taken any particular steps to obtain responses to the long overdue discovery.[3]

What is particularly troubling is that defendants' counsel emailed plaintiff's counsel on May 3, 2013, but, instead of responding to defendants' counsel in any way whatsoever, plaintiff's counsel filed a motion for sanctions on May 7, 2013, with no notice to defendants' counsel.

---

[3] The Court's notes from the January 8, 2013, conference call indicate that plaintiff's counsel noted that the defendant had not responded to outstanding written discovery, but the Court's memory is that the plaintiff was not particularly concerned at that time in light of the change of circumstances because the plaintiff filed for Bankruptcy protection and because the parties wanted to explore the potential for settlement.

3

While there were some circumstances in this case that may have excused the defendants' failure to serve responses to the plaintiff's written discovery on a timely basis, the defendants should have sought a stipulation, in accord with Rules 29 and 33(b)(2) of the Federal Rules of Civil Procedure or a court order to extend the time to serve responses. Most significantly, when defendants' counsel knew that he would not be able to respond by the April 30, 2013, deadline provided in the April 9, 2013, order, it was incumbent upon him to seek an extension of time from the Court.

On the other hand, the defendants were seven (7) days late in serving their responses. That delay does not justify the nuclear option that the plaintiff has attempted to exercise, particularly in light of plaintiff's counsel's failure to respond to defendants' counsel's email of May 3, 2013. A simple telephone call to defendants' counsel presumably would have obviated the need for the plaintiff to file any motion whatsoever.[4]

The Court finds that, under these circumstances, imposition of the sanctions and the imposition of an award of attorney's fees and expenses would be patently unjust.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[4] Alternatively, plaintiff's counsel could have scheduled a conference call with the Court to address the defendants' failure to serve discovery responses in compliance with the court's prior order.